UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMARCUS FENNELL,<br><br>    Plaintiff,<br><br>    v.<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, et al.,<br><br>    Defendants. | Civ. No. 22-4545 (KM) (LDW)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

    The plaintiff, Jamarcus Fennell, is currently incarcerated at Hudson County Correctional Center. He brings this *pro se* civil action asserting that unnamed Port Authority officers violated his constitutional rights while he was in the throes of an attack of schizophrenia. He brings this *pro se* civil action alleging that his constitutional rights were violated by the defendants. At this time, the Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be permitted to proceed in part.

**I. BACKGROUND**

  **A. Factual Summary**

    The allegations of the complaint will be construed as true for purposes of this screening opinion. The complaint names six defendants: (1) Officer John Doe #1; (2) Officer John Doe #2; (3) Officer John Doe #3; (4) Officer John Doe

#4; (5) Officer John Doe #5;[1] and (6) Port Authority of New York and New Jersey ("Port Authority").[2]

Mr. Fennell alleges that, on or around April 26, 2022, he was approached by Port Authority police officers outside of the Exchange Place PATH Station in Jersey City, NJ. Mr. Fennell explained to the officers that "he had a schizophrenia attack and therefore was under a mentally distraught state of mind, and threatened to jump in the river."

Mr. Fennell then threw his backpack into the water, which, he says, contained $20,000 in cash. In response, Officer John Doe #1 struck Mr. Fennell in the face with a club or flashlight. Mr. Fennell attempted to run, but the officers grabbed him and Officers John Doe #2 through #5 hit him in the face and head with clubs and flashlights. Although Mr. Fennell shouted that he would not resist, the officers continued to hit him in the head and back.

Then, the "water patrol" arrived in a boat, grabbed Mr. Fennell's backpack, and yelled, "[W]e have his stuff[,] there [is] [$20,000] in cash, if he dies we can keep the money." Officers John Doe #2 through #5 began choking Mr. Fennell until he was unconscious. As one of the officers pulled Mr. Fennell through a fence, he regained consciousness and heard one of the officers state, "[I]f we kill him we keep the cash." One of the officers then suffocated Mr. Fennell until he again lost consciousness.

When Mr. Fennell awoke, he was handcuffed to a hospital bed and told that he had only $1,000 in cash. Mr. Fennell sustained numerous injuries, including cuts and scars on his wrists, a broken leg with torn tissue, a black eye, a bruised lip, and torn ligaments in his back and neck.

---

[1] Officer John Doe #5 is not named as a defendant in the caption of the complaint but does appear in the factual allegations. I construe the complaint as also bringing claims against Officer John Doe #5.

[2] Port Authority of New York and New Jersey does not appear on the docket; however, Mr. Fennell named "Port Authority" as a defendant in the caption of his complaint. I construe this as bringing a claim against Port Authority of New York and New Jersey.

As a result of this incident, Mr. Fennell is taking medication, experiences daily pain, and has difficulty sleeping at night. Mr. Fennell also claims that the events damaged his business because the missing $20,000 was his "business startup money." Mr. Fennell seeks to recover the missing $20,000, an award of $1.2 million for his injuries, and an award of $1 million for each right violated.

### B. Procedural History

On July 11, 2022, Mr. Fennell filed his complaint and application to proceed *in forma pauperis*. (DE 1.) On December 22, 2022, I granted Mr. Fennell's *in forma pauperis* application. (DE 4.)

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that

the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

A Section 1983 plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

A. **Excessive Force**

I construe the complaint as asserting a Section 1983 excessive force claim against the individual defendants. Claims of excessive force during arrest are governed by the Fourth Amendment.³ *See Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The defendant's use of force will be analyzed to determine whether it was objectively reasonable under the circumstances. *See Graham*, 490 U.S. at 397. That reasonableness inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

Mr. Fennell alleges that, although he was not resisting, Officers John Doe #1 through #5 struck him in the face, head, and back with clubs and flashlights. Those allegations are sufficient to permit his excessive force claims to proceed past screening.

B. **Unlawful Search**

The complaint also alleges that the individual defendants searched Mr. Fennell's backpack "illegally with no probable cause," in violation of the Fourth Amendment. The Fourth Amendment of the Constitution of the United States guarantees a right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. Whether a search or seizure is reasonable "depends on all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself." *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 619 (1989) (quoting *United States v. Montoya de Hernandez*, 473 U.S. 531, 537 (1985)). The Fourth Amendment does not apply to a search or seizure "by a

---

³   Mr. Fennell states that the officers "punished and beat[]" him in violation of his rights under the Fifth, Sixth, Seventh, and Eighth Amendments, which I construe as asserting a claim that the officers used excessive force. Because the events giving rise to this action occurred in connection with an arrest, the excessive force claim is governed by the Fourth Amendment. *See Rivas*, 365 F.3d at 198.

private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." *United States v. Mitchell*, 625 F. App'x 113, 117 (3d Cir. 2015). Moreover, "when a private actor initiates a search, law enforcement officers may constitutionally conduct a search that does not exceed the scope of the initial private search." *Id.*

The complaint states that, after Mr. Fennell threw his backpack into the water and while he was being assaulted by the officers, the "water patrol" arrived on a boat, retrieved Mr. Fennell's backpack from the water, and searched his backpack. The complaint does not allege that any of the defendants searched his backpack. The "water patrol" is not named as a defendant in this action and there are no facts to support that the "water patrol" is somehow connected to the defendants or is a government entity.

Accordingly, the complaint fails to state an unlawful search claim, and that claim is dismissed without prejudice.

## C. Unlawful Arrest/False Imprisonment

I also construe the complaint as asserting a Section 1983 claim of unlawful arrest/false imprisonment against the individual defendants.

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than

would apply at trial. *See* W*right v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted).

Mr. Fennell alleges that he committed no crime, but "awoke in [a] hospital bed [hand]cuffed to [the] bed" and states that he was "punished and beaten" without being proven guilty. These statements, construed liberally as a *pro se* complaint must be, sufficiently allege that the officers lacked probable cause to arrest.

### D. First Amendment Retaliation

The complaint also alleges that the individual defendants "punished [Mr. Fennell] for saying absurdities" in violation of his rights protected by the First Amendment. "[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in protected speech. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). "To plead retaliation for the exercise of First Amendment rights, a plaintiff must allege '(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action.'" *Mirabella v. Villard*, 853 F.3d 641, 649 (3d Cir. 2017) (quoting *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)). Plaintiffs asserting a retaliatory arrest claim generally "must plead and prove the absence of probable cause for the arrest." *Nieves*, 139 S. Ct. at 1724.

Mr. Fennell alleges that he was "punished for saying absurdities." That conclusory allegation is insufficient to support an inference that Mr. Fennell was engaged in constitutionally protected conduct or that the officers had a retaliatory motive. Accordingly, the complaint fails to state a First Amendment retaliation claim, and that claim is dismissed without prejudice.

### E. Other Constitutional Violations

Mr. Fennell otherwise claims that the individual defendants violated his rights protected under the Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and

Fourteenth Amendments. Mr. Fennell simply lists these Amendments near the end of the complaint without any supporting facts to support that defendants' actions violated his rights under those Amendments. Accordingly, any other claim that Mr. Fennell may have based on those Amendments is dismissed without prejudice.

### F. *Monell* Claims Against Port Authority

Setting aside the claims against the individual defendants, Mr. Fennell appears to assert claims that the Port Authority of New York and New Jersey violated his constitutional rights.

To state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey*, 635 F.3d at 609 (citations omitted); *see also West*, 487 U.S. at 48. A local governmental entity like Port Authority is considered a "person" within the meaning of Section 1983. *See Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1352 (3d Cir. 1994). A local governmental entity, however, cannot be held vicariously liable for the acts of its officers via *respondeat superior*. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The plaintiff must identify a "policy" or "custom" that caused the plaintiff's injury. *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019); *Monell v. Dep't of Social Servs. New York City*, 436 U.S. 658, 694–95 (1978).

Here, the complaint fails to make any allegations of an unconstitutional policy or custom that would create municipal liability. *See Hildebrand v. Allegheny County*, 757 F.3d 99, 110–11 (3d Cir. 2014) (complaint must plead facts to support *Monell* liability); *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009) (stating to satisfy pleading standard for *Monell* claim, complaint "must identify a custom or policy, and specify what exactly that custom or policy was").

Accordingly, Mr. Fennell fails to state a claim against Port Authority upon which relief may be granted, and the claims against Port Authority are dismissed without prejudice.

## IV. ISSUANCE OF SUMMONSES

Typically, this Court would order the Clerk to issue summonses in connection with claims that have survived the screening process.

Because no claims survive against Port Authority, no summons will issue against that entity.

Certain claims do survive as against the individual defendants, but the individual defendants have not been identified. Because Mr. Fennell does not state the officers' names, no summons can be issued at this time. *See, e.g.*, *Haines v. Does*, No. 07-cv-5395, 2008 WL 1766622, at *9 (D.N.J. Apr.14, 2008) ("[The service] on Defendant[s] John Doe[s will not be ordered] because, as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint on . . . unidentified defendant[s].") (citation omitted).

Mr. Fennell shall be given ninety days to obtain information, by subpoena of otherwise, as to the identities of John Does #1 through #5, so that the caption can be amended and summonses can issue.

## V. CONCLUSION

For the foregoing reasons, Mr. Fennell's claims of excessive force and unlawful arrest/imprisonment against Officers John Doe #1 through #5 shall proceed past screening. Mr. Fennell's other claims against those defendants are dismissed without prejudice for failure to state a claim.

Additionally, Mr. Fennell's claims against Port Authority are dismissed without prejudice for failure to allege an unconstitutional policy or custom that would create municipal liability.

Mr. Fennell shall have ninety days to file an amended complaint that names the John Doe Officers as defendants. In any amended complaint, Mr.

Fennell may also attempt to amend his dismissed claims to legally state a cause of action. An appropriate order will be entered.

Dated: April 4, 2023

/s/ Kevin McNulty

_____
**Hon. Kevin McNulty
United States District Judge**