## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574 |

June 26, 2023

To:   All counsel and parties of record

### LETTER OPINION & ORDER

RE:   *Jamarcus Fennell v. John Doe #1, et al.*
      Civil Action No. 22-4545 (KM) (LDW)

Dear Counsel and Parties:

Before the Court is the motion of plaintiff *pro se* Jamarcus Fennell for appointment of *pro bono* counsel, pursuant to 28 U.S.C. § 1915(e)(1).  (ECF No. 7).  For the reasons set forth below, the motion is **GRANTED** for limited purposes set forth herein.

Plaintiff *pro se* filed the instant civil rights action on July 11, 2022, and the District Court granted Plaintiff's *in forma pauperis* application on December 22, 2022.  (ECF Nos. 1, 4).  On April 4, 2023, the Hon. Kevin McNulty, U.S.D.J., screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and allowed Plaintiff's claims of excessive force and unlawful arrest/detention against Officers John Doe #1 through #5 to proceed.  Judge McNulty dismissed without prejudice Plaintiff's remaining claims against those officers and his claims against the Port Authority of New York and New Jersey for failure to state a claim.  (ECF No. 5).  In its screening Opinion, the District Court directed Plaintiff to file an amended complaint within ninety days, which identifies by name the John Doe Officer defendants.  The Court further granted Plaintiff the opportunity to attempt to cure the pleading deficiencies in the claims that were dismissed.  (*Id.*).

On April 28, 2023, Plaintiff filed the instant letter motion for appointment of *pro bono* counsel, citing in support of that request that, due to his incarceration, he has "very little access to Lexis Nexis" and "very little time to work on his case."  (ECF No. 7).  For the reasons stated below, the Court will appoint *pro bono* counsel for the limited purposes of investigating Plaintiff's

claims, identifying the John Doe Officer defendants, and drafting the amended complaint. *See Davidson v. Corr. Med. Servs., Inc.*, No. CIV. 08-3580(DRD), 2010 WL 324449, at *1 (D.N.J. Jan. 19, 2010) (appointing *pro bono* counsel to represent plaintiff for the limited purpose of identifying unnamed defendants and drafting an amended complaint).

Generally, civil litigants possess neither a constitutional nor a statutory right to appointed counsel. *See United States v. Zoebisch*, 586 F. App'x 852, 856 (3d Cir. 2014). In some cases, the need for representation is great, and district courts are thus granted broad discretion to request the appointment of attorneys to represent indigent civil litigants, under 28 U.S.C. § 1915(e)(1). Nevertheless, the Court recognizes that "volunteer lawyer time is extremely valuable" and, for that reason, "district courts should not request counsel . . . indiscriminately." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993). Consequently, the Court must "take note of the significant practical restraints on the district courts' ability to appoint counsel," including "the lack of funding to pay appointed counsel[] and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

When evaluating an application for the appointment of *pro bono* counsel, a district court should assess seven factors originally identified by the United States Court of Appeals for the Third Circuit in *Tabron v. Grace*:

> (1) the potential merit of the applicant's legal position;
>
> (2) the applicant's ability to present his or her case absent counsel;
>
> (3) the complexity of the legal issues involved;
>
> (4) the extent of factual discovery and the applicant's ability to investigate and to comply with complex discovery rules;
>
> (5) the extent to which the case may turn on credibility determinations;
>
> (6) whether expert testimony will be required; and
>
> (7) whether the applicant can afford to retain counsel.

*See Pricaspian Dev. Corp. v. Martucci*, Civ. A. No. 11-1459 (JAD), 2011 WL 2429315, at *2 (D.N.J. June 13, 2011) (citing *Tabron*, 6 F.3d at 155, 158); *Prudential Ins. Co. of Am. v. Dobson*, Civ. A. No. 08-3951 (DMC), 2009 WL 115966, at *1–2 (D.N.J. Jan. 16, 2009) (same). A finding of potential merit of the applicant's arguments constitutes a threshold determination that must be established before consideration of the other factors becomes warranted. *See Dobson*, 2009 WL 115966 at *2.

Here, the District Court found that Plaintiff had stated cognizable claims against the John Doe Officer defendants in his *pro se* Complaint and therefore allowed those claims to proceed. Because "an action cannot proceed solely against unnamed parties," however, Plaintiff must now amend his Complaint to identify those officers. *Hines v. FDIC*, 137 F.3d 148, 159 (3d Cir. 1998).

The Court finds that, on balance, the *Tabron* factors weigh in favor of granting Plaintiff's application for *pro bono* counsel at this time for the limited purpose of assisting Plaintiff in ascertaining the identities of the John Doe defendants and drafting an amended pleading. Plaintiff's *in forma pauperis* status establishes his inability to afford retained counsel. Due to his incarceration, Plaintiff may face substantial difficulty in fashioning the discovery necessary to identify the unnamed defendants without the assistance of counsel. Without ascertaining the names of those officers allegedly involved in the incident detailed in the Complaint, Plaintiff's case cannot proceed. Accordingly, the Court will exercise its discretion to appoint *pro bono* counsel to facilitate this process.

The Court does not, at this time, find that the *Tabron* factors support appointment of *pro bono* counsel for purposes beyond the factual investigation necessary to draft and file Plaintiff's amended pleading. There is currently nothing to suggest that, once the unnamed parties are identified, Plaintiff lacks the ability competently to present his case, understand the relevant legal issues, and participate in discovery—particularly given the leniency courts give *pro se* litigants as to procedural rules. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). The Court has reviewed Plaintiff's *pro se* Complaint and finds that he has clearly articulated his claims of excessive force and unlawful arrest and detention and has thoroughly explained the facts underlying each. (ECF No. 1). The Court further finds that Plaintiff alleges relatively straightforward claims under 42 U.S.C. § 1983. Although factual investigation will be necessary, there is nothing to suggest that such investigation will be unduly complex, and Plaintiff has not argued that expert testimony will be required. Plaintiff similarly has not offered any argument that this case will turn on credibility determinations. Indeed, in his Complaint, Plaintiff refers to objective evidence, including body camera video footage, demonstrating that this case is unlikely to be "solely a swearing contest." *Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997).

Accordingly, the Court will limit counsel's representation of Plaintiff to investigating his claims, conducting the discovery necessary to identify the unnamed defendants, and drafting the amended pleading. Plaintiff's motion for appointment of *pro bono* counsel is, therefore,

**GRANTED** for the limited purposes set forth herein.  Such appointment of counsel shall terminate upon the filing of Plaintiff's Amended Compliant unless counsel agrees to undertake further representation.

The Clerk of Court is hereby instructed to appoint *pro bono* counsel and to transmit a copy of this Order to Plaintiff via mail.

      *s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Orig: Clerk
cc: Hon. Kevin McNulty, U.S.D.J.